IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAY C. TURNNAGE, *et al.*                                                        PLAINTIFFS

V.                                                      CAUSE NO. 3:18-CV-818-CWR-FKB

BRENT BAILEY, *et al.*                                                     DEFENDANTS

## AMENDED ORDER

Defendants Brent Bailey, Dane Maxwell, and Brandon Presley are Commissioners of the Mississippi Public Service Commission (MPSC) who have been sued in their official capacities.[1] Now before the Court is their Motion to Dismiss. The legal standard is familiar and need not be recited anew. *See Wall-Jones v. Hinds Behavioral Health Servs.*, No. 3:12-CV-525-CWR-LRA, 2013 WL 53904, at *2 (S.D. Miss. Jan. 3, 2013). For the following reasons, the Motion is due to be granted.

This case arises from the MPSC's order of March 5, 2013, authorizing Mississippi Power Company to raise its customers' rates to pay for the construction of a power plant in Kemper County, Mississippi. *See Mississippi Power Co. v. Mississippi Pub. Serv. Comm'n*, 168 So. 3d 905, 916 (Miss. 2015). MPSC's order was the subject of significant litigation. It eventually resulted in a Mississippi Supreme Court ruling requiring MPSC to correct the ordered rates, stay rate increases, and refund Mississippi Power customers for monies attributable to the rate increases. *See id.*

Mississippi Power began refunding ratepayers in August 2015. Its plan was called the "Kemper Refund Plan." According to a later third-party independent audit, "the Kemper Refund

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court has automatically substituted the current Commissioners as Defendants in this action.

Plan began with the period which encompassed the first billing cycle of April 2013 (March 19, 2013) . . . and ended May 27, 2016, the date through which refund checks cleared and remaining refund checks outstanding are reported." Docket No. 9-8 at 3.

Plaintiffs filed a class action complaint against the Defendants on February 19, 2019, and an amended class action complaint on March 14, 2019. They seek declaratory and injunctive relief against the Defendants,[2] contending that the interest rate calculation method governing the Kemper Refund Plan resulted in underpayment to the Plaintiffs. Plaintiffs argue that the interest rate calculation method is an ongoing violation of federal law. Defendants now contend, among other things, that they have Eleventh Amendment immunity.

"The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts." *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (citation omitted). "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief." *Id.* (citation omitted). The first two "ways that a state can be subject to an individual's suit in federal court, regardless of the Eleventh Amendment," are (1) a state may waive its immunity, or (2) Congress may abrogate it. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 279 (5th Cir. 2005). Additionally, under the doctrine of *Ex parte Young*, the Eleventh Amendment does not protect certain state officials from suits seeking forward-looking relief for ongoing violations of federal law. *See Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (citing *Ex parte Young*, 209 U.S. 123, 159 (1908)).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint

---

[2] Plaintiffs' complaint also raises claims against the Mississippi Power Company, which has filed a separate motion to dismiss [22].

alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). *Ex parte Young* has not been extended to allow a federal court to hear "claims for retrospective relief." *Fontenot*, 777 F.3d at 752.

Here, Plaintiffs do not dispute that this suit raises Eleventh Amendment concerns. They also do not contend that the State of Mississippi waived its immunity or that an act of Congress abrogated the State's immunity for this action. Rather, Plaintiffs argue that the Eleventh Amendment bar to suit is avoided under *Ex parte Young* because "there is an ongoing and continuing violation of federal law caused by the enforcement of the Kemper Refund Plan with interest calculation provisions that are alleged to effectuate an ongoing and continuing federal constitutional due process and takings c[l]ause violations." Because of this, the Plaintiffs seek "declaratory and injunctive relief . . . to end and to prevent [the Defendants'] ongoing and continued enforcement of the 9.55% WACC interest calculation provisions which are causing the alleged $13.8 Million underpayment of statutory pre-judgment interest and violations of federal law."

Plaintiffs' argument fails to persuade. Nothing in their amended complaint or responsive filings alleges that Defendants have administered or enforced the Kemper Refund Plan since it ended on May 27, 2016. Any relief this Court could grant would necessarily be retrospective and, therefore, barred by the Eleventh Amendment since there are no future payments or other action alleged to be taken under the Kemper Refund Plan. Plaintiffs' characterization of their requested relief as declaratory does not save them since "the result would be a partial 'end run' around" the Supreme Court's holding that the Eleventh Amendment bars retrospective relief. *Green v. Mansour*, 474 U.S. 64, 73 (1985).

Since the Plaintiffs' claims are barred by the Eleventh Amendment, the Court need not consider the Defendants' additional arguments for dismissal.

Defendants' Motion to Dismiss is granted.

**SO ORDERED**, this the 30th day of March, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE