IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAY C. TURNAGE, et al.                                                                          PLAINTIFFS

V.                                                             CAUSE NO. 3:18-CV-818-CWR-FKB

BRENT BAILEY, et al.                                                         DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion to Vacate the Court's Final Judgment and for Leave to File a Second Amended Class Action Complaint. Docket No. 68. For the reasons that follow, the motion is denied.

Federal Rule of Civil Procedure 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Rule has been interpreted to permit a motion to vacate a judgment in addition to a motion to alter or amend it. 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRAC. AND PROC. § 2810.1 (3d ed. 2018); *see also Foman v. Davis*, 371 U.S. 178, 181 (1962). A motion to alter or amend the judgment or to reconsider under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). However, Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *id.* at 479, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). As such, amending or vacating a judgment under Rule 59(e) is appropriate: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*,

702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).[1]

In the present case, Plaintiffs have not met any of these requirements.[2] Their proposed RICO claim is not based on any new evidence previously unavailable; instead, it is merely a claim "that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Moreover, Plaintiffs have not pointed to a manifest error of law or fact in the Court's prior Order, nor has there been an intervening change in controlling law.

Plaintiffs have spent a considerable amount of time and effort trying to get the Court to reopen this case. Their efforts are unavailing. If Plaintiffs seek to continue this action, the Fifth Circuit is the proper forum in which to litigate.

**SO ORDERED**, this the 22nd day of January, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Had the Plaintiffs been able to request reconsideration prior to entry of the final judgment, a less stringent standard would apply. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017).

[2] Plaintiffs' Motion to File a Second Amended Complaint is rendered moot because they have not demonstrated that their Motion to Vacate the Court's final judgment is appropriate.